UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. JONES,<br>CDCR #BB-6806,<br><br>                      Plaintiff,<br><br>vs.<br><br>RICHARD J. DONOVAN (CDCR);<br>DANIEL PARAMO,<br><br>                      Defendants. | Case No.: 3:17-cv-2454-BTM-BLM<br><br>**ORDER:**<br><br>**1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3];**<br><br>**AND**<br><br>**3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Kevin W. Jones ("Plaintiff"), currently incarcerated at the California Medical Facility ("CMF"), in Vacaville, California, and proceeding pro se, filed this civil rights action in the Northern District of California on November 17, 2017 (ECF No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) and a Motion to Appoint Counsel (ECF No. 3).

Because Plaintiff claims prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California violated his constitutional rights while he was incarcerated there, the Honorable Haywood S. Gilliam, Jr. transferred his case to this Court for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a) on December 5, 2017 (ECF No. 5).

## I. Request to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by a CMF accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents shows that Plaintiff had an available balance of zero at the time of filing. *See* ECF No. 2 at 5-6. Based on this accounting, the Court GRANTS Plaintiff's request to proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Motion for Appointment of Counsel

Plaintiff also requests that the Court appoint him counsel due to his indigence. (ECF No. 3 at 1.) All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and Plaintiff's Complaint does not compel

3
3:17-cv-2454-BTM-BLM

that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pleaded, Plaintiff's Complaint demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has yet to show he is likely to succeed on the merits of the claims.

Therefore, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 3).

**III. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, __ F.3d __, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

*Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Allegations

Plaintiff's alleges that on June 20, 2017, he was "in general population at RJD" when he began "hearing voices and having thoughts of suicide." (Compl. at 1.) Plaintiff was placed on a "72 hour hold" in a holding cell at RJD "pending transfer to a CDCR (ADA) crisis bed facility." (*Id.*) Plaintiff claims that RJD Defendants made the decision to transfer him to a "non (ADA)" prison which was California State Prison - Los Angeles County ("CSP-LAC"). (*Id.* at 2.) Plaintiff claims this intent to transfer him to a "non ADA" prison demonstrated "reckless [and] callous discriminatory practice with

intentional 'malice'." (*Id.*) Plaintiff further claims that RJD officials "routinely and systemically made it difficult, if not impossible, for prisoner appeals or grievance to be heard or processed." (*Id.*)

In addition, Plaintiff is claiming that RJD officials are "intentionally withholding all of inmate Jones' personal property." (*Id.* at 3.) Plaintiff has repeatedly requested that his property be shipped to him at his current place of incarceration but he has yet to receive any of his property. (*Id.*) Plaintiff claims that he is unable to "litigate his case in the appellate courts" and the value of the loss of his property is "$3,539.20." (*Id.*)

### C. Eighth Amendment and ADA claims

Plaintiff's claims that RJD prison officials were deliberately indifferent to his mental and medical health needs because they chose to transfer him to CSP-LAC rather than to an ADA compliant prison. Plaintiff's Complaint is devoid of any facts as to when he was transferred there or for how long he was housed at CSP-LAC. Plaintiff does not allege any facts that indicate he suffered any injury while housed at CSP-LAC. Plaintiff's inmate trust account statement filed in support of his IFP Motion indicates that he was housed at CMF as of September 20, 2017. (*See* ECF No. 2 at 6.) When Plaintiff filed his action he was housed at CMF. (*See* ECF No. 1.) According to the CDCR's inmate locator, Plaintiff is currently housed at CMF.[2] Plaintiff does not allege facts to demonstrate that CMF is unable to meet his medical or mental health needs.

Plaintiff does not have a constitutional right to be housed in the institution of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.") If Plaintiff chooses to file an amended pleading, he must allege facts to show how long he was housed at CSP-LAC, as well as facts

---

[2] *See* https://inmatelocator.cdcr.ca.gov/Results.aspx (website last visited Feb. 9, 2018.)

6

3:17-cv-2454-BTM-BLM

supporting his claims that his medical and mental health needs were not addressed at CSP-LAC.

### D. Grievance claims

Plaintiff alleges that RJD officials have "routinely and systematically made it difficult, if not impossible, for prisoner appeals or grievances to be heard or processed." (Compl. at 2.) However, a prison official's alleged improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. See generally *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration).

### E. Property claims

Plaintiff also contends that RJD officials have failed to transport his personal property to CMF. (*See* Compl. at 3-4.) The Due Process Clause protects against deprivations of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The United States Supreme Court has also held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to

recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

F. <u>Access to Courts</u>

Plaintiff fails to allege facts sufficient to state a plausible access to courts claim under 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). In order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotations omitted).

The right of access does *not* require the State to "enable the prisoner to discover grievances," or even to "litigate effectively once in court." *Id.* at 354; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Instead, *Lewis* limits the right of access to the courts, as follows:

> the injury requirement is [limited to those tools] that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 346. Plaintiff's failure to set forth any allegations regarding an "actual injury" here is "fatal" to his claim. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal."), quoting *Lewis*, 518 U.S. at 353 & n.4.

In addition to failing to allege an "actual injury," Plaintiff has also failed to allege facts sufficient to describe the "non-frivolous" or "arguable" nature of an underlying claim he contends was lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set

forth in the pleading "as if it were being independently pursued." *Id.* at 417. Plaintiff's Complaint contains no allegations whatsoever regarding his inability to access the courts, or any "actual injury" with respect to a "non-frivolous" criminal appeal, habeas action, or conditions of confinement claim. *Id.*

G. <u>Improper Defendants</u>

Finally, the Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted as to either Defendant RJD, or its Warden, Daniel Paramo. *See* ECF No. 1 at 1-2. RJD is not a "person" subject to suit under § 1983. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983).

In addition, while RJD's Warden Paramo may be subject to suit under § 1983, nowhere in the body of his Complaint does Plaintiff include "further factual enhancement" to describes when, how, or to what extent Paramo personally caused him any constitutional injury. *Iqbal*, 556 U.S. at 678. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

For all these reasons, Plaintiff's Complaint must be dismissed sua sponte because it fails to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27.

/ / /

/ / /

/ / /

/ / /

## IV. Conclusion and Orders

For all the reasons discussed, the Court:

1. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3).

2. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

3. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A;

6. **GRANTS** Plaintiff forty-five (45) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

///
///
///

7. The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED**.

Dated: February 23, 2018

_____
Hon. Barry Ted Moskowitz
Chief Judge, United States District Court