UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. JONES,<br>CDCR #BB-6806,<br><br>         Plaintiff,<br><br>vs.<br><br>RICHARD J. DONOVAN (CDCR), et al.,<br>         Defendants. | Case No.: 3:17-cv-2454-BTM-BLM<br><br>**ORDER:**<br><br>**1) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b); and**<br><br>**2) DENYING MOTION FOR EXTENSION OF TIME TO AMEND AS MOOT** |

**I. Procedural History**

On November 17, 2017, Kevin W. Jones ("Plaintiff"), currently incarcerated at the California Medical Facility ("CMF"), in Vacaville, California, and proceeding pro se, filed this civil rights action in the Northern District of California (ECF No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) and a Motion to Appoint Counsel (ECF No. 3).

1

Because Plaintiff claimed prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California violated his constitutional rights while he was incarcerated there, the Honorable Haywood S. Gilliam, Jr. transferred his case to this Court for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a) on December 5, 2017 (ECF No. 5).

On February 23, 2018, this Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion to Appoint Counsel, and dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 8.) Plaintiff was granted leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (*See id.* at 10-11.) Plaintiff later filed a "Motion for Extension of Time to Amend." (ECF No. 10.) However, before the Court could rule on this Motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No.13.) Because Plaintiff has filed his FAC, Plaintiff's motion is denied as moot.

**III.    Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

    A.    Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, __ F.3d __, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Allegations

Plaintiff initially alleges that his constitutional rights were violated when he was housed at the Richard J. Donovan Correctional Facility ("RJD") in June of 2017. (*See* FAC at 1.) In his FAC, Plaintiff names fifty six (56) Defendants in this matter. (*See id.* at 2-16.) Thirteen (13) of these Defendants are alleged to reside in Solano County, fifteen (15) more are alleged to reside in Los Angeles County, and the final twenty eight (28) are alleged to reside in San Diego County. (*See id.*)

Plaintiff alleges Defendants "knowingly and intentionally acted under the color of state law on 6/20/17, 6/21, 6/22, and 6/23/17 with deliberate indifference to serious (ADA) medial, health, and safety needs that exposed inmate Jones to unreasonable harm and prison conditions." (*Id.* at 17.)

A majority of Plaintiff's factual claims are not clear. Plaintiff appears to allege that on June 20, 2017, Sergeant Diaz responded to an "inquiry" regarding "inventoried property" that "Transfer Officer" Charmer "packed up for inmate Jones." (FAC at 18, 21.) A "72 hour hold" was placed on Plaintiff by RJD's "Chief Mental Health Psychologist and Chief Medical Physician per policy protocol." (*Id.*)

On June 23, 2017, Plaintiff was "transferred to CSP-LAC Non ADA facility." (*Id.*) Plaintiff claims that on his arrival to CSP-LAC, "Transport Officers from RJD John Doe (1)(2)" were told that CSP-LAC could not "accept [Plaintiff] because this is a non (ADA) crisis bed facility without (ADA) cells to accommodate him." (*Id.* at 25.) However, Plaintiff also alleges that CSP-LAC medical officials "consult[ed] with medical staff" and "confirmed" Plaintiff could be housed at CSP-LAC. (*Id.*)

Plaintiff claims that he was "deprived of adequate ADA accessible housing" at CSP-LAC. (*Id.* at 21.) Plaintiff further alleges that CSP-LAC prison officials failed to "move him within 72 hours of placement." (*Id.* at 21.) Plaintiff alleges that he had fallen "out of his wheelchair" sometime between June 23, 2017 and June 29, 2017 while he was housed at CSP-LAC. (*Id.* at 23.) Plaintiff alleges that CSP-LAC medical personnel "allowed him to remain" on the floor of his cell "as they looked on and refused to help him." (*Id.*)

Plaintiff was later transferred to CMF on July 4, 2017. (*See id.*) Plaintiff claims that CMF Warden, Robert Fox, has "acted with deliberate indifference to serious medical, health, and safety needs." (*Id.* at 21.)

### C. Eighth Amendment claims

Liberally interpreting Plaintiff's FAC, it appears the only Eighth Amendment claims against RJD officials arise from the allegation that the RJD officers who transported Plaintiff to CSP-LAC were informed that CSP-LAC could not accommodate Plaintiff's needs. (*See* FAC at 25.) However, CSP-LAC medical officials were later alleged to have determined that they could accommodate Plaintiff's medical and ADA needs. (*See id.*)

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 103, 104 (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

At the screening stage of these proceedings, the Court will assume that Plaintiff's has alleged facts sufficient to demonstrate that he suffered an objectively serious medical need. However, even assuming Plaintiff's medical needs were sufficiently serious, his FAC fails to include any further "factual content" to show that any of the named RJD Defendants acted with "deliberate indifference" to those needs. *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

///

Plaintiff does not provide any specific factual allegations relating to his medical treatment while incarcerated RJD. The only claim appears to be against the RJD transport officers who were initially told that CSP-LAC could not accommodate Plaintiff's medical needs. (*See* FAC at 25.) However, CSP-LAC medical officials later determined that they could accommodate his needs. (*See id.*)

To state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates that Defendants' "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). There are no facts alleged that any of the named RJD Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Accordingly, the Court finds that Plaintiff's Complaint fails to state an Eighth Amendment inadequate medical care claim against any of the named RJD Defendants, and therefore, it is subject to sua sponte dismissal.

### D. Duplicative claims

Plaintiff does allege facts, however, that prison officials at CSP-LAC were deliberately indifferent to his serious medical needs. (*See* FAC at 19, 23, 25.) These claims are subject to sua sponte dismissal because they are duplicative of those raised, and are currently pending, in another civil action he filed in the Central District of California on November 2, 2017. *See Jones v. LAC Warden, et al.*, C.D. Cal. Civil Case No. 2:17-cv-08021-AG-SHK ("*Jones I*") (ECF No. 2). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii) [formerly § 1915(d)] if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

In *Jones I*, Plaintiff alleges, as he does in this case, that he was transferred to CSP-LAC on June 23, 2017. (*See Jones I*, ECF No. 2 at 3.) Plaintiff alleges that he was housed in a "non (ADA) cell" and "confined to his wheelchair" for six days. (*Id.*) He also alleges that he "collapsed" out of his wheelchair and remained on the cell floor for five days. (*Id.* at 3, 5.) Because Plaintiff's current FAC alleges the same facts, is based on the same incidents, and re-alleges the same claims against the identical Defendants as did his previously-filed pleadings in *Jones I*, the Court must dismiss these duplicative and subsequently-filed claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cato*, 70 F.3d at 1105 n.2; *Nordstrom*, 762 F.3d at 920 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, [the court] examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Therefore, Plaintiff's claims brought against all CSP-LAC Defendants are dismissed as frivolous because they are duplicative of the claims found in *Jones I* but without prejudice to proceed in his pending action in *Jones I* in the Central District of California.

E. Personal Causation

The Court also finds that Plaintiff's FAC requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against both the Warden for RJD and the other RJD Defendants. "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011), citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). The FAC contains no factual allegations describing what Defendant Paramo did, or failed to do. To the extent Plaintiff seeks to hold him liable for the actions of his subordinates, there is no respondeat superior liability

7

3:17-cv-2454-BTM-BLM

under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Rather, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on municipalities . . . .'"), quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989).

Moreover, Plaintiff alleges no specific constitutional allegations against any of the remaining named RJD Defendants. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against any of the RJD Defendants because he has failed to allege facts regarding what actions were taken or not taken by the Defendants which caused the alleged constitutional violations.

F. CMF Defendants

To the extent that Plaintiff seeks to hold any CMF prison officials liable for allegations that his constitutional rights have been violated while housed at CMF, he should file a separate action in the Eastern District of California.

Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in–(1) a judicial district in which any

defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

CMF is located in Solano County, California. *See* 28 U.S.C. § 84(b) ("The Eastern District [of California] comprises the counties of … Solano, …."). The proper venue for Plaintiff's claims that arise at CMF, and are unrelated to the claims that arose while housed at RJD, would properly be brought in the Eastern District of California pursuant to 28 U.S.C. § 84(b).

### III. Conclusion and Orders

For all the reasons discussed, the Court:

1. **DISMISSES** Plaintiff's FAC for failing to state a claim upon which § 1983 relief can granted and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A;

2. **GRANTS** Plaintiff forty-five (45) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

///

///

3. **DENIES** Plaintiff's "Motion for Extension of Time to Amend" (ECF No. 10) as moot.

4. The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED**.

Dated: June 20, 2018

Hon. Barry Ted. Moskowitz
United States District Judge