UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. JONES,<br>CDCR #BB-6806,<br><br>                              Plaintiff,<br><br>     vs.<br><br>RICHARD J. DONOVAN (CDCR), et al.,<br>                              Defendants. | Case No.: 3:17-cv-2454-BTM-BLM<br><br>**ORDER:**<br><br>**(1) DENYING IN PART AND GRANTING IN PART MOTIONS FOR EXTENSION OF TIME;**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(3) DENYING MOTIONS FOR INJUNCTIVE RELIEF;**<br><br>**(4) DENYING MOTION TO REQUEST ORDER OPPOSING COURT ORDER** |

**I.    Procedural History**

On November 17, 2017, Kevin W. Jones ("Plaintiff"), currently incarcerated at the California State Prison - Los Angeles County ("CSP-LAC"), in Lancaster, California, and proceeding pro se, filed this civil rights action in the Northern District of California (ECF

No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) and a Motion to Appoint Counsel (ECF No. 3).

Because Plaintiff claimed prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California violated his constitutional rights while he was incarcerated there, the Honorable Haywood S. Gilliam, Jr. transferred his case to this Court for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a) on December 5, 2017 (ECF No. 5).

On February 23, 2018, this Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion to Appoint Counsel, and dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 8.) Plaintiff was granted leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (*See id.* at 10-11.) Plaintiff later filed a "Motion for Extension of Time to Amend." (ECF No. 10.) However, before the Court could rule on this Motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No.13.)

The Court dismissed Plaintiff's FAC for failing to state a claim and as frivolous. (ECF No. 21.) The Court dismissed Plaintiff's FAC, in part, as frivolous because the Court took judicial notice of an action filed by Plaintiff in the Central District of California that contained claims that were identical to the claims brought in this action. (*Id.* at 6 citing *Jones v. LAC Warden, et al.*, C.D. Cal. Civil Case No. 2:17-cv-08021-AG-SHK (*"Jones I"*)). In addition, the Court noted that Plaintiff raised claims arising from the time that he was housed at the California Medical Facility ("CMF") and informed Plaintiff that those claims should be brought in a separate action in the Eastern District of California. (*Id.* at 8-9.) Plaintiff has, in fact, brought such an action in the Eastern District. *See Jones v. Fox, et al.*, E.D. Cal. Civil Case No. 2:17-cv-02190-JAM-EFB (*"Jones II"*).

In the Court's June 21, 2018 Order, Plaintiff was provided "forty-five (45) days leave to file an Amended Complaint which cures all the deficiencies of pleading described" in the Court's Order. (ECF No. 21 at 9.) To date, Plaintiff has not filed an amended pleading. Instead, Plaintiff has filed a number of motions in which he seeks extensions of time for

matters not before this Court, requests the appointment of counsel, and requests injunctive relief.

## II. Motions for Extensions of Time

Plaintiff has filed a "Notice of Motion and Motion to File Responses in Opposition Motion under Rule 12(c)." (ECF No. 16.) The Court presumes that Plaintiff is referring to Federal Rules of Civil Procedure 12(c) which permits a party to "move for judgment on the pleadings." FRCP 12(c). There is no pending motion for judgment on the pleadings in this matter and thus, this Motion is DENIED.

In a separate motion, Plaintiff appears to claim that prison officials at the California Medical Facility ("CMF") and CSP-LAC have interfered with his legal mail. (ECF No. 20 at 1.) Plaintiff requests a copy of the Court's docket and a "right to file replay, notice or response answer to claim." (*Id.*) To the extent that Plaintiff seeks to bring an access to courts claim in this matter for events that allegedly occurred at CMF and CSP-LAC, he may not do so because neither of those facilities are located in the Southern District of California. However, the Court will GRANT Plaintiff's request for a copy of the Court's docket.

Plaintiff has also filed a "Motion for Change of Address, Request Court Order extension of time and Request copy of opposing Defendant's (FAC") motion to dismiss claim." (ECF No. 23.) Plaintiff's request to change his address is GRANTED and the Court's docket has been updated to reflect Plaintiff's current address. However, there is no pending motion to dismiss in this matter. Therefore, Plaintiff's request for extension of time to respond is DENIED.

## III. Motion to Conduct Discovery

Plaintiff has filed a motion seeking a "Court Order to discover the true names and identities of defendants as witness to this action under Rule 10." (ECF No. 18 at 1.) In conducting the required sua sponte screening process, the Court found that Plaintiff's Complaint was nearly devoid of any specific factual allegation against any prison official at the Richard J. Donovan Correctional Facility ("RJD"). (*See* ECF No. 4-5.) Plaintiff

has been given leave to file an amended complaint in order to set forth specific factual allegations relating to the alleged constitutional violations at RJD. (*See id.* at 9.) Discovery is premature at this stage as there is no operative pleading and Plaintiff has not shown that he can state a claim against any of the RJD prison officials whether or not he is able to identify them by name. Plaintiff's Motion to conduct discovery is DENIED.

**IV.   Motions for Injunctive Relief**

Plaintiff seeks injunctive relief in the form of an "injunction directing Warden to release inmate property, incoming legal mail, as it's delivered to its institution and stop prison officials from preventing inmate from exhausting state remedies by denied access to the courts." (ECF No. 25 at 1.) In addition, Plaintiff seeks an order "mov[ing] or transferr[ing] forthwith from LAC to Bakersfield or San Bernardino State Prison regional area." (ECF No. 29 at 1.) At the time Plaintiff filed this action he was housed at CMF and later he was transferred to CSP-LAC. It is not clear whether Plaintiff is referring to the Warden of CMF or the Warden of CSP-LAC. Regardless, this Court has no jurisdiction over either Warden.

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

Thus, Plaintiff's Motion for injunctive relief is DENIED.

## V. Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel in this matter on the grounds that he is a "layman at law," indigent, and is unable to "understand deadlines." (ECF No. 27 at 1.)

All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and Plaintiff's matter does not demand that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate her claims in light of their legal complexity. *Id.*

Here, the Court finds Plaintiff has yet to show he is likely to succeed on the merits of the claims. Therefore, the Court DENIES Plaintiff's Motion for appointment of counsel.

## VI. Motion Opposing Court's June 21, 2018 Order

By the Order entered on June 21, 2018, the Court dismissed Plaintiff's FAC and provided him leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (ECF No. 21.) Rather than complying with the Court's Order, Plaintiff has filed two "Motions" opposing the Court's Order[1] and

---

[1] Plaintiff mistakenly believes that the June 21, 2018 Order was issued by a Magistrate Judge when in fact this Order was issued by a United States District Judge.

providing "notice" of his intention to "reallege all claims" and include "additional pages" in his Complaint "by paraphrase." (ECF Nos. 31, 33, 35.) Plaintiff then provides partial "corrections" to his Complaint. (*Id.* at 1.) Plaintiff was cautioned in the Court's Order that if he intended to file an amended complaint, "it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived." (ECF No. 21 at 9.) In no way do Plaintiff's Motions comply with the Court's Order. Therefore, Plaintiff's Motions to "re-allege all claims" in his Complaint are DENIED.

## VII. Conclusion and Orders

For all the reasons discussed, the Court:

1. **DENIES** Plaintiff's Motion to Conduct Discovery, Motions for Injunctive Relief, Motion for Appointment of Counsel, Motion to "re-allege all claims" [ECF Nos. 18, 25, 27, 29, 31, 33, 35];

2. **GRANTS** in part, and **DENIES** in part, Plaintiff's Motions for Extensions of Time [ECF Nos. 16, 20, 23];

3. **GRANTS** Plaintiff an additional forty-five (45) days leave to file an amended complaint which cures all the deficiencies of pleading described in the Court's Order entered on June 21, 2018. Plaintiff is cautioned, however, that should he choose to file an amended complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

//
//
//

4.  The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint, a copy of the Court's docket, and a copy of the Court's June 21, 2018 Order.

**IT IS SO ORDERED**.

Dated: December 17, 2018

*[Signature: Barry Ted Moskowitz]*

HON. BARRY TED. MOSKOWITZ, Chief Judge
United States District Court