UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KEVIN W. JONES,<br>CDCR #BB-6806,<br><br>                               Plaintiff,<br>vs.<br>RICHARD J. DONOVAN (CDCR), et al.,<br>                               Defendants. | Case No.: 3:17-cv-2454-BTM-BLM<br><br>**ORDER DENYING MOTION FOR CONTINUANCE AND PERMANENT INJUNCTION**<br><br>**(ECF No. 40)** |
|---|---|

## I. Procedural History

On November 17, 2017, Kevin W. Jones ("Plaintiff"), currently incarcerated at the California State Prison - Los Angeles County ("CSP-LAC"), in Lancaster, California, and proceeding pro se, filed this civil rights action in the Northern District of California (ECF No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) and a Motion to Appoint Counsel (ECF No. 3).

Because Plaintiff claimed prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California violated his constitutional rights while he was incarcerated there, the Honorable Haywood S. Gilliam, Jr. transferred his case to this

1

Court for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a) on December 5, 2017 (ECF No. 5).

On February 23, 2018, this Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion to Appoint Counsel, and dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 8.) Plaintiff was granted leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (*See id.* at 10-11.) Plaintiff later filed a "Motion for Extension of Time to Amend." (ECF No. 10.) However, before the Court could rule on this Motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No.13.)

The Court dismissed Plaintiff's FAC for failing to state a claim and as frivolous. (ECF No. 21.) The Court dismissed Plaintiff's FAC, in part, as frivolous because the Court took judicial notice of an action filed by Plaintiff in the Central District of California that contained claims that were identical to the claims brought in this action. (*Id.* at 6 citing *Jones v. LAC Warden, et al.*, C.D. Cal. Civil Case No. 2:17-cv-08021-AG-SHK (*"Jones I"*)). In addition, the Court noted that Plaintiff raised claims arising from the time that he was housed at the California Medical Facility ("CMF") and informed Plaintiff that those claims should be brought in a separate action in the Eastern District of California. (*Id.* at 8-9.) Plaintiff has, in fact, brought such an action in the Eastern District. *See Jones v. Fox, et al.*, E.D. Cal. Civil Case No. 2:17-cv-02190-JAM-EFB (*"Jones II"*).

In the Court's June 21, 2018 Order, Plaintiff was provided "forty-five (45) days leave to file an Amended Complaint which cures all the deficiencies of pleading described" in the Court's Order. (ECF No. 21 at 9.) To date, Plaintiff has not filed an amended pleading. Instead, Plaintiff filed a number of motions in which he sought extensions of time for matters not before this Court, requested the appointment of counsel, and requested injunctive relief.

On December 17, 2018, the Court denied Plaintiff's requests to conduct discovery, injunctive relief, and appointment of counsel. (ECF No. 38.) Plaintiff was permitted an additional forty-five (45) days to file an amended complaint that would cure the

deficiencies of pleading identified in the Court's June 21, 2018 Order. (*Id.*) Once again, Plaintiff has failed to comply with the Court's Order and instead, he has filed another motion seeking a "continuance order" and injunctive relief. (ECF No. 40.)

## II. Motion for Continuance

Plaintiff is requesting a "continuance order" for a "permanent injunction until Plaintiff is removed from CMF and come from under the Green Wall code of silence." (ECF No. 40 at 1.) Plaintiff has been provided multiple extensions of time since the Court dismissed his FAC on June 21, 2018. The most recent extension of time was granted on December 17, 2018. Plaintiff offers no plausible reason that any further extensions of time to comply with a Court Order issued more than six months ago are warranted. Plaintiff's Motion for a "Continuance Order" is denied.

## III. Request for Injunctive Relief

Plaintiff seeks injunctive relief by asking to be "removed from CMF" and claims he is "illegally housed at CMF." (*Id.*) As stated above, the Court has informed Plaintiff that any claims he has regarding the conditions of confinement while housed at CMF should be brought in a separate action in the Eastern District of California. In fact, also noted above, Plaintiff has filed such an action. *See Jones v. Fox, et al.*, E.D. Cal. Civil Case No. 2:17-cv-02190-JAM-EFB (*"Jones II"*).

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys,"

and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C). Prison officials at CMF are not part of the action currently before this Court and therefore, this Court has no personal jurisdiction over prison officials at CMF. Plaintiff's Motion for injunctive relief is denied.

## IV. Conclusion and Orders

For all the reasons discussed, the Court:

**DENIES** Plaintiff's Motion for "Continuance Order Requested for Permanent Injunction." (ECF No. 40.)

**IT IS SO ORDERED**.

Dated: 2/5/19

HON. BARRY TED. MOSKOWITZ
United States District Court