UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. JONES,<br>CDCR #BB-6806,<br><br>                              Plaintiff,<br><br>                vs.<br><br>RICHARD J. DONOVAN (CDCR), et al.,<br>                             Defendants. | Case No.: 3:17-cv-2454-BTM-BLM<br><br>**ORDER:**<br><br>**(1) DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)**<br><br>**(2) DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION;**<br><br>**(3) DENYING MOTION FOR REQUEST TO MEET AND CONFER AS MOOT; AND**<br><br>**(4) ISSSUING OSC WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE** |

//

//

1

3:17-cv-2454-BTM-BLM

## I. Procedural History

On November 17, 2017, Kevin W. Jones ("Plaintiff"), currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") located in Corcoran, California, and proceeding pro se, filed this civil rights action in the Northern District of California (ECF No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) and a Motion to Appoint Counsel (ECF No. 3).

Because Plaintiff claimed prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California violated his constitutional rights while he was incarcerated there, the Honorable Haywood S. Gilliam, Jr. transferred his case to this Court for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a) on December 5, 2017 (ECF No. 5).

On February 23, 2018, this Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion to Appoint Counsel, and dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 8.) Plaintiff was granted leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (*See id.* at 10-11.)

Plaintiff filed his First Amended Complaint ("FAC") on April 12, 2018. (ECF No. 13.) In addition, Plaintiff filed several motions which included motions that appear to be unrelated to the matter before this Court. (*See* ECF Nos. 16, 18, 21.) On June 21, 2018, this Court dismissed Plaintiff's FAC for failing to state a claim upon which relief could be granted and as frivolous. (ECF No. 21.) Again, Plaintiff was given forty-five (45) days leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 9.)

///
///
///
///

Over the next several months, Plaintiff filed motions for extension of time, temporary restraining order, preliminary injunction, appointment of counsel and a variety of miscellaneous issues. (ECF Nos. 23, 25, 27, 29, 31, 40.) Plaintiff's motions were denied in part, and granted in part, by the Court on December 17, 2018 and February 5, 2019. (ECF Nos. 38, 41.)

On February 15, 2019, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals challenging the Court's February 5, 2019 Order Denying Plaintiff's Motion for Continuance and Permanent Injunction. (ECF No. 43; *see also Jones v. Donovan, et al.*, Appeal No. 19-55206 (9th Cir., Feb. 20. 2019)). This appeal remains pending.

On February 22, 2019, Plaintiff filed another "Motion for Temporary Restraining Order." (ECF No. 47.) Three days later, Plaintiff filed a "Motion for Preliminary and Permanent Injunction." (ECF No. 49.) Plaintiff has also filed a document entitled "Amended Petition for Writ of Habeas Corpus," along with his Second Amended Complaint ("SAC"). (ECF Nos. 52, 54.) In addition, Plaintiff has filed a "Motion Request for AG Info to Meet and Confer." (ECF No. 57.)

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, __ F.3d __, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d

680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff's SAC is far from clear. He alleges that he is "illegally housed" in RJD. (SAC at 1.) He further claims that while he has been housed "illegally" he has been subjected to "extreme medium diagram CRC brain videotape recording and 24 hours monitoring" by RJD a "hallow gram yard recreation heating light burning system." (*Id.* at 2.)

These allegations show Plaintiff's entire action is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because his claims are patently frivolous. A pleading is "factual[ly] frivolous[]" under § 1915 if "the facts alleged [in it] rise to the level of the irrational or the wholly incredible, whether or not there are judicially

noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

The Court finds Plaintiff's allegations meet these standards because they obviously "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33. Therefore, the Court finds that the entire action should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) & 1915A.

**III.  Motions for Temporary Restraining Order and Preliminary Injunction**

In Plaintiff's Motions seeking injunctive relief, Plaintiff seeks access to his legal materials at RJD, as well as priority access to the prison's law library.  (*See* ECF No. 47 at 1.)  In addition, Plaintiff seeks an "emergency order to be moved or transferred out of harm's way" from RJD because he has been subjected to "brain storming medium exposure and torture."  (ECF No. 49 at 1.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

In conducting its initial screening, the Court has found Plaintiff's Complaint, FAC, and SAC fail to state any claim upon which § 1983 relief can be granted and his SAC is frivolous. Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits….") (internal quotation marks and citation omitted); *see also Williams v. Duffy, et al.,* Civil Case No. 18-cv-06921-BLF, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019) ("[Having reached th[e] conclusion [that Plaintiff's complaint failed to state a claim], the Court need not reach the remainder of the *Winter* factors.").

Moreover, in order to meet Fed. R. Civ. P. 65's "irreparable injury" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires he allege "specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage." Fed. R. Civ. P. 65(b)(1)(A). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Baldridge*, 844 F.2d at 674 (citations omitted). Plaintiff's Motions are deficient in this regard as his claims of "electronic brain storming" are frivolous and his claims relating to his legal materials contain no specific factual allegations as to how he has suffered any harm.

Finally, Plaintiff's claims for injunctive relief are moot in light of his transfer to CSATF from RJD. (*See* ECF No. 59.) *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison].")). Thus, because Plaintiff has not shown a likelihood of success on the merits, and has offered only speculative and frivolous allegations of harm,

the Court **DENIES** both his Motions for TRO and Preliminary Injunctive Relief (ECF Nos. 47, 49), as well as his Motion seeking "AG Info to Meet & Confer" as premature (ECF No. 57). *See Dymo Indus. v. Tapeprinter, Inc.,* 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it."); *Iqbal,* 556 U.S. at 678-79 (noting that court "does not unlock the doors of discovery" if the plaintiff fails to "state a claim for relief that is plausible on its face" and is "armed with nothing more than conclusions.")

## IV. Petition for Writ of Habeas Corpus

In this action, Plaintiff has filed what is entitled an "Amended Petition for Writ of Habeas Corpus." (ECF No. 52.) In this petition, Plaintiff indicates that it concerns "a conviction and/or sentence, prison discipline, and 'other'." (*Id.* at 2.) "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

This petition appears to be identical to a petition Plaintiff has filed in the Central District of California which is currently pending. *See Jones v. People of the State of California, et al.* C.D. Cal. Civil Case No. 2:18-cv-10470 AG SHK, ECF No. 1. Therefore, the Court dismisses the petition filed in this matter without prejudice to Plaintiff's ongoing litigation in the Central District of California.

## V. Conclusion and Orders

For all the reasons discussed, the Court:

1. **DENIES** Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 47, 49);

2. **DISMISSES** Plaintiff's SAC as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A;

3. **DISMISSES** Plaintiff's Amended Petition for Writ of Habeas Corpus without prejudice;

4. **ISSUES** an Order to Show Case why this action should not be dismissed with prejudice and without leave to amend. *See Lopez*, 203 F.3d at 1127 (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend."). Plaintiff must show cause no later than September 16, 2019 why this action should not be dismissed with prejudice and without leave to amend. If Plaintiff fails to provide the Court with a response, the entire action will be dismissed with prejudice and without leave to amend.

5. **DENIES** Plaintiff's Motion for Meet and Confer (ECF No. 57) as moot.

**IT IS SO ORDERED**.

Dated: August 6, 2019

_____
HON. BARRY TED. MOSKOWITZ
United States District Judge